```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/08
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 Civ. 8968(KMW) |
| v. ) | |
| ) | |
| OAO ALFA BANK and ALFA CAPITAL ) | |
| MARKETS (USA), INC., ) | |
| ) | |
| Defendants. ) | |

## STIPULATED JUDGMENT

The following parties and non-parties have agreed to amicably resolve all disputes among them and settle this action by way of this Stipulated Judgment:

(a) Plaintiff Alfa Corporation, and its affiliated entities (including but not limited to non-parties Alfa Mutual Insurance Company and Alfa Services, Inc.), successors and assigns, both now and in the future, that are engaged in Financial Services (as the term is defined below) (collectively, "Plaintiff and Affiliates"), on the one hand; and

(b) Defendants OAO Alfa Bank and Alfa Capital Markets (USA), Inc., and non-party ABH Holdings Corp., and their affiliated entities (including but not limited to non-parties Alfa Capital Partners Limited, Alfa Capital Management, AlfaStrakhovanie Insurance Group), successors and assigns, both now and in the future, that are engaged in financial services (including but not limited to banking, thrift, credit-union, insurance, reinsurance, broker-dealer, investment advisory, consumer finance, real estate services, mortgage services, and all other services that are now or may in the future be designated within International Class 36 by the U.S. Patent & Trademark Office) (hereinafter, "Financial Services"), (collectively, the "Defendants and Affiliates"), on the other hand.

(c)     Any affiliated entity of Plaintiff or Defendants not engaged in Financial Services is not subject to or bound by this Stipulated Judgment.

(d)     This Stipulated Judgment is entered into solely for purposes of resolving this dispute amicably among the parties hereto. This Stipulated Judgment declares the rights and obligations among the parties hereto with respect to the matters set forth herein, with no admission of liability or otherwise on the part of any of the parties hereto.

Wherefore, based on said stipulation, and pursuant to Federal Rule of Civil Procedure 41(a)(2), it is hereby finally ORDERED and ADJUDGED, as follows:

1.    This Court has jurisdiction over the subject matter and the parties to this action. All parties to this Stipulated Judgment (including the identified above named parties and non-parties to this action) submit to the jurisdiction of this District Court for purposes of enforcement of this Stipulated Judgment. This Court retains jurisdiction over this action for the enforcement of any claims hereunder.

2.    This Stipulated Judgment shall constitute a final judgment between the Plaintiff and Affiliates and the Defendants and Affiliates. This Stipulated Judgment constitutes res judicata and will have issue preclusive and claim preclusive effect for all claims including any claims under any of the Alfa Marks (as that term is defined below) between the Plaintiff and Affiliates and the Defendants and Affiliates, and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, both now and in the future.

3.    Plaintiff and Affiliates assert and the Defendants and Affiliates acknowledge that Plaintiff Alfa Corporation is the owner of certain U.S. trademarks, service marks and other marks for Financial Services that include the word "Alfa" (among them U.S. Registration No. 2671861 (ALFA INSURANCE)) which are registered in various classes with the U.S. Patent &

2

Trademark Office (the "USPTO"), that Plaintiff has applications for additional U.S. marks for Financial Services that contain the word "Alfa" (among them App. Ser. No. 76372470 (ALFA FINANCIAL) and App. Ser. No. 76372299 (ALFA CORPORATION)) pending before the USPTO, that non-party Alfa Services, Inc. is the owner of the trademark ALFA HEALTH, U.S. Reg. No. 2,697,512, and that Plaintiff and Affiliates may in the future seek to register additional marks for Financial Services that contain the word "Alfa" with the USPTO (collectively, the "Alfa Marks") and may use such marks in U.S. commerce without objection or challenge from the Defendants and Affiliates.

4. The Defendants and Affiliates and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, now and in the future, hereby agree to be, and are, permanently enjoined and restrained from seeking registration with the USPTO or any other U.S. trademark registration authority of any trademarks, service marks or other marks that include the words "Alfa" or "Alpha" for Financial Services. Within fourteen (14) days of entry of this Stipulated Judgment, the Defendants and Affiliates will withdraw any and all applications to register any name, trademark, service mark or other marks that include the words "Alfa" or "Alpha" for Financial Services, filed with the USPTO or any other U.S. trademark registration authority. The Defendants and Affiliates shall reasonably cooperate with and assist the Plaintiff and Affiliates should the USPTO or other U.S. trademark registration authority object to current or future trademark applications filed by the Plaintiff and Affiliates based on any other trademark applications previously filed for Financial Services by the Defendants and Affiliates.

5. The Defendants and Affiliates and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, both now and in the future, hereby agree to be, and are, permanently enjoined and restrained from establishing any office, business location or

business address (except for website addresses as provided in paragraphs 12(A) and 13(C)) in the U.S. that offers Financial Services under any name, trademark, service mark, trade name or other designation that contains the words "Alfa" or "Alpha."

6. The Defendants and Affiliates and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, both now and in the future, hereby agree to be, and are, permanently enjoined and restrained from incorporating or chartering any company, corporation, partnership or other legal entity in the U.S. engaged in Financial Services under any name that contains the words "Alfa" or "Alpha."

7. The Defendants and Affiliates and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, both now and in the future, hereby agree to be, and are, permanently enjoined and restrained from offering Financial Services in the U.S. under any name that contains the words "Alfa" or "Alpha," except as otherwise provided in paragraphs 10, 12 and 13.

8. The Defendants and Affiliates and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, both now and in the future, hereby agree to be, and are, permanently enjoined and restrained from any media advertising or media promotion of Financial Services using the "Alfa" or "Alpha" names in U.S. publications, television, radio or any other media in the U.S., including but not limited to electronic media (except emails in the ordinary course of business), except as otherwise provided in paragraphs 12(A), (B), and (J) and 13(C) and (D).

9. The Defendants and Affiliates and all of their respective officers, agents, servants, employees, attorneys and successors and assigns, both now and in the future, hereby agree to be, and are, permanently enjoined and restrained from registering with, or obtaining any licenses to

4

do business from, any federal or state regulatory agency that regulates Financial Services offered in the U.S., under any name, trademark, service mark, trade name or other designation that contains the words "Alfa" or "Alpha," except to the extent that U.S. law would require registration or licensing by Defendants or Affiliates to conduct only the activities permitted in paragraphs 12 and 13 as specified therein. This paragraph is limited to the procurement of registrations or licensing by Defendants and Affiliates, if required by U.S. law, and does not expand the scope of the permissible use of the name "Alfa."

10. Within one hundred and twenty (120) days of entry of this Stipulated Judgment, Defendant Alfa Capital Markets (USA), Inc. shall change its name, and apply to change all Federal and State registrations in the U.S. under that name, to some other name that does not contain the words "Alfa" or "Alpha." Such entity shall, under its new name, thereafter be permitted to identify itself as being affiliated with the Defendants and Affiliates provided that any such reference reasonably and conspicuously identifies the Defendants or Affiliates as being incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and contains a disclaimer of affiliation with "U.S.-based Alfa Insurance" ( and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

11. The Defendants and Affiliates will request the rating agencies in the U.S. with which they are listed to include the appropriate corporate designation preceding the "Alfa Bank" mark (for example, "OAO Alfa Bank" or "OJSC Alfa Bank") in order to separate it on any alphabetical listing from the Plaintiff and Affiliates and will take reasonable steps to accomplish such change.

12. The Defendants and Affiliates shall be permitted to use "Alfa" in the U.S. for Financial Services (other than insurance or reinsurance) only as provided in paragraph 10 or in connection with the activities set forth below:

    A. Hosting and maintaining websites (including sites with "Alfa" in the domain name) in any language that may be accessed from within the U.S., except that such websites shall not allow the opening of accounts or the purchase of services or products by U.S. customers that are not already customers of the Defendants or Affiliates and whose accounts were established outside of the U.S., provided that such websites shall reasonably and conspicuously identify the Defendants or Affiliates as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and contain a disclaimer of affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank). Nonetheless, Defendants and Affiliates may host and maintain websites (including sites with "Alfa" in the domain name) in the Russian language only that may be accessed from the U.S., and that may allow for the opening of broker/dealer accounts and trading of securities and investments, provided that the securities and investments do not relate to the U.S. but instead relate primarily to Russia or the former Soviet Union, and provided that such websites shall reasonably and conspicuously identify the Defendants or Affiliates as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and contain a disclaimer of affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

    B. Sponsoring of programs or events in the U.S. that are related to overseas investing or to Russia and the Former Soviet Union, provided that the sponsoring Defendants or Affiliates are reasonably and conspicuously identified as being incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and there is a disclaimer of affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

    C. Acting as an introducing broker, broker dealer, or investment advisor, as those terms are defined under U.S. law, through a U.S. entity that does not use "Alfa" or "Alpha" as part of its name but which may reference its affiliation with the Defendants and Affiliates, including but not limited to the dissemination by said U.S. entity of Defendants and Affiliates' research and marketing materials primarily related to investments and companies outside the U.S. so long as said research reports and marketing materials reasonably and conspicuously identify the Defendants or Affiliates as being incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaim affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

    D. Participating in on behalf of itself or others (including acting as an arranger and/or manager of) private placements, public offerings and fund-raising (including, but not limited to, securities, commercial paper, derivative instruments, credit agreements, and

similar note and debt securities) and trading securities concerning overseas investments and transactions, provided that such services are offered by Defendants and Affiliates only to qualified investors, as defined by and to the extent permitted by U.S. law, and provided that said services are offered through non-U.S. Defendants and Affiliates, or through a U.S. entity that does not use "Alfa" or "Alpha" as part of its name but which may reference its affiliation with the Defendants and Affiliates so long as the Defendants and Affiliates are reasonably and conspicuously identified as being incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaim affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

        E.     Listing on U.S. exchanges of depository receipts of any securities issued by the Defendants and Affiliates and listed initially on an exchange outside the U.S., or offering of securities registered with the SEC under Rule 144(a), where the listing documentation reasonably and conspicuously identifies the issuer as an entity incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaims affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

        F.     Offering of international foreign currency exchange services other than at the retail level, provided that the entity offering such services is reasonably and conspicuously identified as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaims affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

        G.     Offering of correspondent banking and project and trade finance services between non-U.S. Defendants and Affiliates and U.S. resident financial institutions (including, but not limited to, REPO transactions and treasury operations), provided that Defendants or Affiliates offering such services are reasonably and conspicuously identified as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaims affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

        H.     Offering to institutional and qualified investors, as defined by and to the extent permitted by U.S. law, of asset management services provided or managed overseas (including, but not limited to, investment funds, private equity and real estate funds) through non-U.S. Defendants and Affiliates, or through a U.S. entity that does not use "Alfa" or "Alpha" as part of its name but which may reference its affiliation with the Defendants and Affiliates so long as the affiliated Defendants and Affiliates offering such services are reasonably and conspicuously identified as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaim affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

        I.     Offering credit cards, on accounts opened overseas, that may be used in the U.S.

J.  Defendants and Affiliates may distribute offering circulars and other materials in connection with only the activities in paragraph 12, provided that the Defendants and Affiliates are reasonably and conspicuously identified in said documents as being incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaim affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank). In connection with only said activities, Defendants and Affiliates also may publish tombstones that identify completed transactions, provided that the Defendants and Affiliates are reasonably and conspicuously identified in said tombstones as being incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaim affiliation with "U.S.-based Alfa Insurance" (and "U.S.-based Alfa Bank" should Plaintiff and Affiliates open an Alfa Bank).

13.  Defendants and Affiliates may not engage in the insurance or reinsurance business in the U.S. under the "Alfa" or "Alpha" names, except that:

(A)  AlfaStrakhovanie may offer insurance services covering U.S. risk as part of global coverage on policies issued overseas that are offered to individuals and companies located overseas, or to foreign companies on policies issued overseas that may include U.S. risk, provided that such services are offered solely under the name "AlfaStrakhovanie," and not under the "Alfa," "Alfa Insurance" or "Alpha" names, and AlfaStrakhovanie is reasonably and conspicuously identified as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaims affiliation with "U.S.-based Alfa Insurance."

(B)  AlfaStrakhovanie also may obtain reinsurance coverage in the U.S. for non-U.S. risk, or for U.S. risk where that U.S. risk is the minority portion of a global policy, but solely under the name "AlfaStrakhovanie," and not under the "Alfa," "Alfa Insurance" or "Alpha" names, and so long as AlfaStrakhovanie is reasonably and conspicuously identified as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaims affiliation with "U.S.-based Alfa Insurance."

(C)  AlfaStrakhovanie may host and maintain websites under the AlfaStrakhovanie name (e.g., www.alfastrah.ru) that may be accessed from within the U.S., except that such websites shall not allow the opening of accounts or purchase of services or products by U.S. customers, and provided that such websites shall reasonably and conspicuously identify AlfaStrakhovanie as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the United States if applicable) and contain a disclaimer of affiliation with "U.S.-based Alfa Insurance"; and

(D)  AlfaStrakhovanie may distribute materials in connection with only the activities provided for in paragraph 13 solely under the name "AlfaStrakhovanie," and not under the "Alfa," "Alfa Insurance" or "Alpha" names, and so long as AlfaStrakhovanie is reasonably

8

and conspicuously identified as incorporated, focused and based in Russia or the former Soviet Union (or in such other jurisdiction outside of the U.S. if applicable) and disclaims affiliation with "U.S.-based Alfa Insurance."

14. No use of the name "Alfa" by Defendant and Affiliates permitted herein shall grant any priority to Defendant and Affiliates over the Plaintiff's and Affiliates' rights to use the names "Alfa" and/or "Alpha" in the United States.

15. Defendants and Affiliates shall have thirty (30) days from entry of this Stipulated Judgment to contact the ratings agencies as provided in paragraph 11 and to come into compliance with the requirements of identification and disclaimer of affiliation set forth herein.

16. To the extent that Plaintiff and/or Affiliates believe the Defendants and/or Affiliates have breached and/or are in breach of any provision of this Stipulated Judgment, the Plaintiff and/or Affiliates shall provide written notice of said alleged breach via email, express mail or other expedited means to the Defendant or Affiliate that Plaintiff alleges to have breached or to be in breach, with a copy to the Legal Department of Alfa Bank, presently at AK-405 Alfa Bank, Pr. Akademika Sakharova 12, 107078 Moscow, Russia or with a copy to such other Alfa Bank officer/counsel as Alfa Bank may hereafter designate by prior written notice to the General Counsel, Alfa Insurance, presently at P.O. Box 11000, Montgomery, Alabama 36191, United States. Said Defendants and/or Affiliates shall have thirty (30) days from the transmission of such notice to cure the breach of which the Plaintiff and/or Affiliates have complained. Until the expiration of such thirty (30) business-day period, the Plaintiff and/or Affiliates shall not be permitted to present any application to this Court requesting relief.

/ / /

/ / /

/ / /

9

17. Each party is to bear its own attorneys fees and costs incurred herein.

IT IS SO STIPULATED on January 22, 2008.    29 POU 1/29/08

| JONES DAY | DORSEY & WHITNEY LLP |
|---|---|
| By: _____ <br> Peter D. Vogl (PV3385) <br> Jennifer Seraphine (JS0819) <br> 222 East 41st Street <br> New York, New York 10017 <br> Telephone: (212) 326-3939 <br> Facsimile: (212) 755-7306 | By: _____ <br> Juan Basombrio (admitted pro hac vice) <br> Bruce R. Ewing, Esq. (BE-0724) <br> 250 Park Avenue <br> New York, NY 10177 <br> Telephone: (212) 415 9200 <br> Facsimile: (212) 953-7201 |
| Attorneys for Defendants OAO Alfa Bank and Alfa Capital Markets (USA), Inc. and nonparties Alfa Capital Partners Limited, Alfa Capital Management and AlfaStrakhovanie | Attorneys for Plaintiff Alfa Corporation and Alfa Mutual Insurance Companies |

OAO Alfa Bank

By _____
Rushan F. Khvesyuk
Chairman of the Management Board
and Acting Chief Executive Officer

Alfa Corporation

By _____
Jerry A. Newby,
President and Chief Executive Officer

Alfa Capital Markets (USA), Inc.

By _____
David Denson
President

Alfa Services, Inc.

By _____
Jerry A. Newby
President

10

17. Each party is to bear its own attorneys fees and costs incurred herein.

IT IS SO STIPULATED on January 29, 2008.    1/29/08

| JONES DAY | DORSEY & WHITNEY LLP |
|---|---|
| By: _____ | By _____ |
| Peter D. Vogl (PV3385) | Juan Basombrio (admitted pro hac vice) |
| Jennifer Seraphine (JS0819) | Bruce R. Ewing, Esq (BE-0724) |
| 222 East 41st Street | 250 Park Avenue |
| New York, New York 10017 | New York, NY 10177 |
| Telephone: (212) 326-3939 | Telephone: (212) 415-9200 |
| Facsimile: (212) 755-7306 | Facsimile: (212) 953-7201 |
| | |
| Attorneys for Defendants OAO | Attorneys for Plaintiff Alfa Corporation |
| Alfa Bank and Alfa Capital | and Alfa Mutual Insurance Companies |
| Markets (USA), Inc. and | |
| nonparties Alfa Capital Partners | |
| Limited, Alfa Capital Management | |
| and AlfaStrakhovanie | |

OAO Alfa Bank

By _____
Rushan F. Khvesyuk
Chairman of the Management Board
and Acting Chief Executive Officer

Alfa Capital Markets (USA), Inc.

By _____
David Denson
President

Alfa Corporation

By _____
Jerry A. Newby,
President and Chief Executive Officer

Alfa Services, Inc.

By _____
Jerry A. Newby
President

10

17. Each party is to bear its own attorneys fees and costs incurred herein.

IT IS SO STIPULATED on January 29, 2008.

| JONES DAY | DORSEY & WHITNEY LLP |
|---|---|
| By: _____<br>Peter D. Vogl (PV3385)<br>Jennifer Seraphine (JS0819)<br>222 East 41st Street<br>New York, New York 10017<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br><br>Attorneys for Defendants OAO<br>Alfa Bank and Alfa Capital<br>Markets (USA), Inc. and<br>nonparties Alfa Capital Partners<br>Limited, Alfa Capital Management<br>and AlfaStrakhovanie | By: *(signed)* Juan C. Basombrio<br>Juan Basombrio (admitted pro hac vice)<br>Bruce R. Ewing, Esq. (BE-0724)<br>250 Park Avenue<br>New York, NY 10177<br>Telephone: (212) 415 9200<br>Facsimile: (212) 953-7201<br><br>Attorneys for Plaintiff Alfa Corporation<br>and Alfa Mutual Insurance Companies |
| OAO Alfa Bank | Alfa Corporation |
| By_____<br>Rushan F. Khvesyuk<br>Chairman of the Management Board<br>And Acting Chief Executive Officer | By *(signed)* Jerry A. Newby<br>Jerry A. Newby,<br>President and Chief Executive Officer |
| Alfa Capital Markets (USA), Inc. | Alfa Services, Inc. |
| By _____<br>David Denson<br>President | By *(signed)* Jerry A. Newby<br>Jerry A. Newby<br>President |

10

ABH Holdings Corp.

By _____
Alexander Knaster
Director


Alfa Capital Management.

By _____
Mikhail Khabarov
Chief Executive Officer


Alfa Capital Partners Limited.

By _____
Pavel Nazarian
Director


AlfaStrakhovanie.

By _____
Vladimir Skvortsov
General Director

11

## ORDER

Based on the foregoing stipulation, and all records in this action,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED,

That Judgment shall be entered on the Complaint in this action as set forth herein above.

IT IS SO ORDERED this _31_ day of January, 2008.

_____
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed
to close this ... any pending
...

12